UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: | ) CHAPTER 13 |
| | ) |
| Dubois Laffette | ) CASE NO. 16-54776-LRC |
| Liane Rose Marie Laffette | ) |
| | ) |
| DEBTORS. | ) |

**CHAPTER 13 TRUSTEE'S
OBJECTION TO CONFIRMATION & MOTION TO DISMISS**

COMES NOW Adam M. Goodman, Chapter 13 Trustee, and objects to confirmation of the plan and files this motion to dismiss under 11 U.S.C. Section 1307(c), for cause, including the following reasons:

1. The Chapter 13 Schedules reflect an exemption of $5,525.00 for Debtor/Husband's vehicles. The Chapter 13 Trustee objects to the exemption because the amount of the exemption exceeds the exemption limitations allowed in accordance with O.C.G.A. Section 44-13-100(a)(3).

2. The Chapter 13 budget fails to provide for the $11,250.00 monthly expense of post-petition tax liability, and tax escrow slips have not been submitted; thereby, indicating that the proposed budget and Plan are infeasible, 11 U.S.C. Section 1325(a)(6).

3. The Debtors should provide proof of the $495.00 per month transportation expense, $2,895.00 per month truck lease expense, $3,165.00 per month fuel expense, and $514.00 per month truck insurance expense reflected on Schedule J. 11 U.S.C. Sections 1325(a)(3) and 1325(b)(1)(B).

4. In accordance with General Order No. 18-2015 and the annexed Statement of Rights and Responsibilities, the Debtor's attorney should timely provide proof of Debtors' $13,612.00 per month self-employment income and $654.00 per month daughter's car payment contribution income to the Chapter 13 Trustee. 11 U.S.C. Sections 521(a)(1), 1325(a)(3), 1325(a)(6), 1325(b)(1)(B) and Bankruptcy Rule 1007.

5. The funding of post-petition mortgage installments has not been maintained in the above-styled Chapter 13 case; thereby, rendering the present budget and proposed Plan infeasible, 11 U.S.C. Section 1325(a)(6).

6. The Chapter 13 budget reflects a $580.00 per month telephone/cellular telephone/internet/etc. expense, an expense amount that may be excessive and unnecessary for the maintenance or support of the Debtors or dependents, in violation of 11 U.S.C. Sections 1325(a)(3) and 1325(b)(2)(A).

Adam M. Goodman, Chapter 13 Trustee
Suite 200 – 260 Peachtree Street, N.W.
Atlanta, Georgia 30303
(678) 510-1444

7. The Debtors' Chapter 13 Plan fails to provide for an increase in payments when direct payments at $2,895.00 per month for Element Financial lease end; this may show lack of good faith or create a disposable income problem in violation of 11 U.S.C. Sections 1325(a)(3) and 1325(b)(2)(A).

8. The Chapter 13 plan proposes to pay $4,500.00 to the Debtors' Attorney for payment of attorney fees. The Trustee is unable to determine whether this is a reasonable fee and would request that Debtors' counsel appear at confirmation and be prepared to present evidence to the Court regarding the reasonableness of the requested fee.

9. Pursuant to testimony from the meeting of creditors, it appears that Debtors have a pending/or anticipated lawsuit. The Chapter 13 Petition and schedules fail to fully disclose this lawsuit/or claim, in violation of 11 U.S.C. Section 521 and Bankruptcy Rule 1007(h)

10. Pursuant to testimony from the meeting of creditors, it appears that Debtors are represented by counsel, Danielle Muscatello, in a pending/or anticipated non-bankruptcy litigation. The attorney has not been approved as special counsel by the Bankruptcy Court, in violation of 11 U.S.C. Section 329 and Bankruptcy Rules 2016 and 2017.

11. The Trustee requests all bank statements (two (2) business accounts and all personal accounts) for October 2015 through April 2016. 11 U.S.C. Sections 1325(a)(3), 1325(a)(6), and 1325(b).

WHEREFORE, Trustee moves this Honorable Court to inquire into the above objections at the separately scheduled and noticed confirmation hearing, deny confirmation of the Chapter 13 plan, dismiss the case, and for such other and further relief that this Court deems just and proper.

/s/ Shamma Iqbal
Shamma Iqbal
GA Bar No. 344037
Attorney for Chapter 13 Trustee

Adam M. Goodman, Chapter 13 Trustee
Suite 200 – 260 Peachtree Street, N.W.
Atlanta, Georgia 30303
(678) 510-1444

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| Dubois Laffette and | ) | |
| | ) | CASE NO.: 16-54776-LRC |
| Liane Rose Marie Laffette, | ) | |
| | ) | |
| DEBTORS. | ) | |

16-54776-LRC               **CERTIFICATE OF SERVICE**

This is to certify that I have this day served:

    DEBTOR(S):
    Dubois Laffette
    Liane Rose Marie Laffette
    821 Kohl Drive
    McDonough, GA  30253

    DEBTOR(S) ATTORNEY:
    THE BANKRUPTCY LAW GROUP, LLC
    155 EAGLES WALK
    SUITE A
    STOCKBRIDGE, GA  30281

in the foregoing matter with a copy of this Objection to Confirmation & Motion to Dismiss by depositing in the United States Mail a copy of same in a properly addressed envelope with adequate postage thereon.

Tuesday, May 10, 2016

/s/ Sharmina Iqbal
GA Bar No. 344087
Attorney for Adam M. Goodman, Chapter 13 Trustee
260 Peachtree Street, NW, Suite 200
Atlanta, GA 30303
Telephone:  678-510-1444
Facsimile:    678-510-1450